IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PATSY NEIHART,                )
                              )
            Plaintiff,        )
                              )
v.                            )    Case No. CIV-16-394-RAW-KEW
                              )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

**REPORT AND RECOMMENDATION**

Plaintiff Patsy Neihart (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 19, 1956 and was 60 years old at the time of the ALJ's decision. Claimant completed her high school education and one year of college. Claimant has worked in the past as an administrative clerk. Claimant alleges an inability to work beginning May 8, 2011 due to limitations resulting from insulin dependent Type I diabetes, degenerative disc disease of the cervical and lumbar spines, and hypertension.

**Procedural History**

On November 29, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 26, 2015, Administrative Law Judge Joseph Liken ("ALJ") conducted a hearing by video with Claimant appearing in Paris, Texas and the ALJ presiding in Dallas, Texas. On May 28, 2015, the ALJ issued an unfavorable decision. On July 18, 2016, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) finding Claimant could perform a limited range of sedentary work; (2) failing to include limitations in the RFC for all of the severe and non-severe impairments; and (3) failing to identify the weight afforded the opinion of the consultative examiner.

4

**Step Five Evaluation**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, diabetes mellitus, and hypertension. (Tr. 24). The ALJ concluded that Claimant retained the RFC to perform sedentary work except that she could never climb ladders, ropes, or scaffolds and could only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The ALJ found Claimant could perform at least frequent handling and fingering and that she must avoid exposure to unprotected heights. (Tr. 25).

After consulting with a vocational expert, the ALJ concluded Claimant could not perform her past relevant work but that she could perform the representative jobs of registration clerk, receptionist, and personnel records clerk, all of which the ALJ concluded existed in sufficient numbers both regionally and nationally. (Tr. 28). As a result, the ALJ found Claimant was not disabled from May 8, 2011 through the date of the decision. (Tr. 22).

Claimant first challenges the ALJ's finding that she could perform sedentary work with some stated specific limitations. She contends the ALJ was required to "consider" the ruling and "overcome[] the rare presumption" under Soc. Sec. R. 96-9p which provides

5

> PURPOSE: To explain the Social Security Administration's policies regarding the impact of a residual functional capacity (RFC) assessment for less than a full range of sedentary work on an individual's ability to do other work. In particular, to emphasize that:
>
> 1. An RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare.
>
> 2. However, a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.
>
> *Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work*, Soc. Sec. R. 96-9P, 1996 WL 374185, *1 (S.S.A. July 2, 1996).

Nothing in this ruling suggests that an ALJ is required to expressly explain the basis for finding a claimant to be in the "relatively rare" circumstance of being capable of performing work at less than a sedentary level. Of course, an ALJ must explain the basis for any RFC determination but no special finding is required either in the rulings, regulations, or case authority for a finding a claimant capable of less than sedentary work. In this case, the ALJ consulted with a vocational expert to ascertain whether sufficient work in this reduced range existed to support his step

6

five findings and concluded that it did.

Claimant next challenges the ALJ's RFC findings, citing to the report of Dr. Jack B. Howard, a consultative examiner, who saw Claimant on February 9, 2013. Dr. Howard noted Claimant's report of low back pain, muscle spasms, and injury to her low back. (Tr. 244). Upon examination, he found Claimant's cervical spine was non-tender with movements, thoracic spine was non-tender with range of motion, and lumbar-sacral spine was non-tender with movement. He noted no scoliosis, mild kyphosis, and no lordosis. Straight leg raising reflex was negative bilaterally in both sitting and supine positions. Her gait was antalgic, steppage, safe and stable with slow speed. She did not need an assistive device to ambulate and had no identifiable muscle atrophy. Heel/toe walking was weak and unbalanced. (Tr. 245).

Dr. Howard's findings were reviewed and assessed by consultative reviewers Dr. Donald Baldwin and Dr. LMW. Both physicians found Claimant retained the RFC to perform light work. (Tr. 57-59, 70-72). Despite Claimant's unfounded assertions that the ALJ "must have played doctor," the record supported his findings on Claimant's RFC.

### RFC Evaluation

In a separate argument on the adequacy of the RFC assessment,

Claimant contends the ALJ should have considered the effects of her various conditions upon the RFC. Namely, Claimant states that her diabetes mellitus constitutes a rare form known as "brittle diabetes" in which blood sugar levels are difficult to control. Claimant suggests that further accommodation for unscheduled breaks should have been included in the RFC to permit her to monitor her blood sugar levels and inject insulin as needed.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between

an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). In this case, no medical evidence in the record indicates the level of restriction urged by Claimant. The consultative medical professionals who examined Claimant or reviewed the medical record did not indicate the need for extensive unscheduled breaks which Claimant's endorses. The ALJ questioned Claimant's credibility regarding the extent of the restrictions caused by her diabetes based upon the overall successful treatment of her condition.

Similarly, Claimant contends her restrictions in range of motion found by Dr. Howard should have been accommodated in the RFC. (Tr. 250). Dr. Howard did not note pain associated with the range of motion testing. The ALJ took the range of motion problems into consideration in restricting Claimant's ability to engage in various movement activity in the RFC. (Tr. 25). He based these restrictions upon sound medical findings by the consultative physicians. Claimant has not presented medical opinion evidence which would suggest a level of further restriction beyond that found by the ALJ in the RFC.

Curiously, Claimant argues that the ALJ did not make the proper findings in his step four "three phased" analysis. The ALJ

9

concluded that Claimant could not perform her past relevant work rendering this argument of little moment.

Claimant also contends the ALJ failed to pose hypothetical questions to the vocational expert which accurately reflected her limitations. Since the questioning represented the ALJ's RFC findings, the step five analysis was not corrupted.

Claimant asserts the ALJ did not adequately address the non-severe limitations of asthma and obesity. Claimant states she was on inhalers. None of the consultative medical records indicates any limitations resulting from respiratory difficulties. Dr. Howard's records indicate Claimant denied shortness of breath, wheezing, pneumonia, tuberculosis, hymoptysis, and pleurisy. (Tr. 244). No reference to asthma appears in these examination records. The ALJ did not err in failing to include restrictions for this condition in the RFC.

Claimant also contends her non-severe obesity should have been discussed. The medical record indicates Claimant is not considered medically obese at a height of 5'4" and weight of 151. Her body mass index was 25.9, which is considered overweight but not obese. (Tr. 244); *See* Soc. Sec. R. 02-1p.

**Weighing of the Consultative Opinion Evidence**

Claimant also contends the ALJ failed to properly state the

weight he accorded the opinion of Dr. Howard.  Clearly, the ALJ considered and evaluated the findings of Dr. Howard in his decision. Dr. Howard did not provide a functional evaluation but rather performed a medical evaluation of Claimant's condition.  Moreover, it is obvious from the decision that the ALJ considered the findings in Dr. Howard's report and his opinion on restrictions of movement, to the extent one can characterize his objective findings as an opinion.  As such, the failure to state the specific weight given to the opinion does not render the decision flawed.  *See* Butler v. Astrue, 410 Fed.Appx. 137, 142 (10th Cir. 2011).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE